**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISCTRICT OF NEW JERSEY

| | |
|---|---|
| TONJA MARIE DECARO, | |
| Plaintiff, | Civil Action No: 15-cv-5540-SDW-LDW |
| vs. | **OPINION** |
| THE NEWARK PUBLIC SCHOOL, CAMI ANDERSON, KAREN GEORGE GRAY, DOROTHY HANDSFIELD, | June 28, 2016 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is The Newark Public School[1] ("NPS"), Cami Anderson ("Anderson"), Principal Karen George Gray ("Gray"), and Principal Dorothy Handsfield's ("Handsfield") (collectively, "Defendants") Motion to Dismiss *pro se* Plaintiff Tonja Marie DeCaro's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391. This Court, having considered the parties' submissions, decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated below, this Court **GRANTS** Defendants' Motion to Dismiss.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff commenced her employment at NPS in January 2006. (Dkt. No. 8.) Plaintiff asserts that during her employment, Defendants harassed, discriminated, and retaliated against her

---

[1] Defendants note that Plaintiff improperly pled the State-Operated School District of the City of Newark as "The Newark Public School." (Dkt. No. 17.)

in an effort to block any promotions sought by Plaintiff. (Dkt. No. 6.) Plaintiff's Amended Complaint states that such actions against her began during the 2008 – 2009 school year when she was "up for an interview for the position [of] Superintendent[.]" (*Id.*) Plaintiff claims that every time she applied for a promotion within the NPS system, fresh allegations were made against her. (*Id.*) The alleged acts began in 2009, when Plaintiff claims that Principal Handsfield directed a parent to make false allegations against her.[2] (*Id.* at 7.)

At the beginning of the 2009 – 2010 school year Plaintiff states she applied for a position as Vice Principal of an NPS school.[3] (*Id.*) According to Plaintiff, upon returning to work in September of 2009 she was removed from her position as a first-grade teacher and assigned to teach in the preschool building. (*Id.*) Following the removal, Plaintiff alleges a parent made false allegations against her. (*Id.*) Plaintiff claims that as a result of these allegations she was removed from the classroom and sent to work in Human Resources ("HR"). (*Id.*) Upon returning to the classroom, Plaintiff purports to have been attacked by a parent and subsequently transferred back to HR. (*Id.*) Sometime during the shift from HR to the classroom and back, Plaintiff stated that she applied for a position as "Director of Early Childhood." (*Id.*)

Over a span of four months concurrent with her time at HR, Plaintiff was also a substitute teacher at South Street Elementary School, where she came to work with Defendant Principal Gray. (*Id.*) In the 2010 school year, Plaintiff was hired as a preschool teacher by Principal Gray.[4]

---

[2] Plaintiff's Amended Complaint does not clearly allege that Handsfield took such action in an effort to block Plaintiff's bid for Superintendent.

[3] Plaintiff's Complaint does not state at which school she applied for the position.

[4] Plaintiff's Complaint and Reply to Defendant's Motion to Dismiss make reference to being "picked up by Mrs. Gray as a [p]reschool teacher." In Plaintiff's Reply to Defendant's Motion to Dismiss, Plaintiff claims this means she was no longer a substitute teacher. (Dkt. Nos. 6, 16.)

Plaintiff alleges that during this time she received a write-up concerning the environment and operation of her classroom. (*Id.*) According to Plaintiff, this occurred while she was in the process of applying for a position as "Supervisor in Early Childhood." (*Id.* at 9.) In December of 2010, Plaintiff alleges she was "b[r]ought up on false charges and removed from the classroom," and that these "charge[s] were made by a family friend of [Gray]." (*Id.*) Plaintiff states that she was removed from that classroom and was not able to return until April of 2011. (*Id.*) During the same school year, another family friend of Gray's brought charges against Plaintiff. (*Id.*) According to Plaintiff, she was again removed from the classroom and was not allowed to return until September of the 2011 – 2012 school year. (*Id.*) Plaintiff worked as a substitute teacher in the building from then until the 2014 -2015 school year. (*Id.*)

On her first day back to work during the 2014 – 2015 school year, Plaintiff was notified that she would be working as a first grade teacher. (*Id.*) She allegedly received no training on the new curriculum. (*Id.*) On November 5, 2014, Plaintiff interviewed for a position as a Learning Disability Teacher Consultant. (*Id.*) Allegedly, Plaintiff was told that she would hear back from HR within ten (10) days of the interview and would have a follow-up interview with the Director of Special Education. However, Plaintiff states that she neither heard back from anyone nor had a follow-up interview. (*Id.*) Plaintiff believes that the position never materialized because her Principal, Joy Johnson, asked a parent to make false allegations about Plaintiff to the New Jersey Division of Child Protection and Permanency. (Dkt. Nos. 6, 14-1.)

On March 11, 2015, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") (Dkt. No. 14-1.) The EEOC claim was "based on color and retaliation." (Am. Compl. pg. 11.) The EEOC presented Plaintiff with a "Right-to-Sue" letter on April 17, 2015. (Dkt. No. 6.) Plaintiff filed her initial complaint on July 14, 2015. (Dkt. No. 5.)

On November 19, 2015, this Court dismissed Plaintiff's complaint for failure to attach the "Right-to-Sue" letter from the EEOC, and directed Plaintiff to re-file her complaint within thirty (30) days. (*Id.*) On December 16, 2015, Plaintiff filed an Amended Complaint and a Motion for Declaratory Judgment. (Dkt. No. 6-7.) On February 4, 2016, Defendants filed the present Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. No. 14.) On February 22, 2016, Plaintiff filed her opposition to Defendants' Motion to Dismiss. (Dkt. No. 16.) Defendants filed their reply to the Motion to Dismiss on February 29, 2016. (Dkt. No. 17.) Defendants filed their opposition to the Motion for Declaratory Judgment on February 22, 2016, and Plaintiff replied on February 29, 2016. (Dkt. Nos. 15, 18.)

## II. LEGAL STANDARD

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief"). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ("*Twombly*"). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the

complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks omitted). According to the Supreme Court in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his[or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal citations omitted). Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Third Circuit summarized the *Twombly* pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

In *Fowler v. UPMC Shadyside*, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions. *Id.* at 210-11. Having done that, the court must take only the factual allegations as true and determine whether the plaintiff has alleged a "plausible claim for relief." *Id.* (quoting *Iqbal,* 566 U.S. at 679).

## III. DISCUSSION

### a. Title VII Claims Against Individual Defendants

It is well settled Third Circuit jurisprudence that individual employees are not liable under Title VII. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996), *cert. denied*, 521 1129 (1997). In *Sheridan*, the Third Circuit concluded "that Congress did not intend to hold individual employees liable under Title VII." 100 F.3d at 1078; *see also Gretzula v. Camden Cty. Tech. Sch. Bd. of Educ.*, 965

5

F. Supp. 2d 478 (D.N.J. 2013); *Simon v. Shore Cab, LLC*, 2014 U.S. Dist. LEXIS 83435, *3 (D.N.J. June 19, 2014). Accordingly, Plaintiff's claims against the individual defendants are dismissed.

### b. *Title VII Claims Against NPS*

Plaintiff's Amended Complaint asserts racial discrimination and retaliation under Title VII against NPS. (*See* Pl. Am. Compl. 11.) To state a claim under Title VII, "the evidence must establish that: (1) [the plaintiff suffered] intentional discrimination because of [her] race; (2) the discrimination was pervasive and regular; (3) it detrimentally affected [her]; (4) it would have detrimentally affected a reasonable person of the same protected class in [her] position; and (5) there is a basis for vicarious liability." *Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005) (citing *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001)). In determining whether the conduct at issue is sufficiently extreme, this Court will consider the "totality of the circumstances." *Caver v. City of Trenton*, 420 F.3d at 262 (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990)).

In this instance, Plaintiff does not set forth facts showing that she is entitled to relief under Title VII. Significantly, Plaintiff fails to allege that any alleged discrimination occurred *because of* her race. *See id.* at 243. In fact, Plaintiff's Amended Complaint mentions race or "color" only once without any supporting facts. In a statement regarding her filings with the EEOC, Plaintiff states that "[o]n March 11, 2015 [sic] filed an administrative charge of discrimination with EEOC based on color and retaliation. (Pl. Am. Compl. 11.) Consequently, Plaintiff has failed to state a Title VII claim and Defendants' Motion to Dismiss this claim will be granted.

To establish a prima facie case of retaliation under Title VII, a plaintiff must prove: (1) "that she was engaged in a protected activity known to the employer;" (2) "that she was thereafter subjected to an adverse decision by the employer;" and (3) "that there was a casual link between

6

the protected activity and the adverse employment decision." *Cortes v. University of Medicine and Dentistry of New Jersey*, 391 F.Supp.2d 298, 311 (D.N.J. May 5, 2005). Once the plaintiff succeeds in establishing her prima facie case, the burden of production shifts to the defendant to articulate some legitimate, non-discriminatory reason for its actions. *McDonnell Douglas v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the defendant is able to articulate such a reason, then the burden shifts back to the plaintiff to show that the defendant's non-discriminatory reason for the action was pretextual, and that the real reason for the action was unlawful discrimination. *Id.* at 802–04, 93 S.Ct. 1817. Here, Plaintiff alleges, among other things, that she was not hired as a Learning Disability Teacher Consultant due to "phone calls made by [her] principal," and that she was denied several promotions and other positions. (Am. Compl. 9.) However, Plaintiff's Amended Complaint is devoid of any facts supporting that she engaged in a "protected activity," nor does she allege a causal link between Defendants' alleged retaliation and the protected activity. *See* Cortes, 391 F.Supp.2d at 311. Therefore, Plaintiff's retaliation claims will be dismissed.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED.** [5]

s/ Susan D. Wigenton, U.S.D.J.

Orig: Clerk
cc: Hon. Leda D. Wettre, U.S.M.J.
    Parties

---

[5] Because this Court grants Defendants' Motion to Dismiss, Plaintiff's Motion for Declaratory Judgment is moot.